*37 Vroom.*        Fivey v. Pennsylvania R. R. Co.

PATRICK FIVEY v. PENNSYLVANIA RAILROAD COMPANY.

Submitted December 8, 1900—Decided February 25, 1901.

In an action for a tort the defendant pleaded a parol contract by the plaintiff discharging the defendant from liability, and the plaintiff replied that the contract had been obtained from him by fraud and deceit on the part of the defendant. *Held*, on demurrer, that the general averment of fraud, without setting forth the particulars, was sufficient.

In tort. On demurrer to replication.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GUMMERE and COLLINS.

For the plaintiff, *McEwan & McEwan.*

For the defendant, *James B. Vredenburgh.*

The opinion of the court was delivered by

DIXON, J. In an action for personal injuries alleged to have been caused by the negligence of the defendant, the latter pleaded a parol agreement discharging the defendant from liability; to this plea the plaintiff replied (among many irrelevant allegations) that the said agreement was obtained from him by fraud and deceit on the part of the said defendant; thereupon the defendant demurred.

The question for decision is whether this general averment of fraud constitutes a legal answer to the plea.

At common law, in pleading fraud for the purpose of avoiding a specified transaction, it seems to have been permissible to allege fraud generally without setting forth the particulars. It was so determined in *Tresham's Case, 9 Co.* 108, in which the defendant was sued as administratrix on the bond of her intestate, and pleaded that there were certain debts of record which had been acknowledged by her intes-

tate, and that she had fully administered the assets except goods and chattels to the value of said debts; to this the plaintiffs replied that, as to one of those debts, it had been paid by the intestate, but was kept undischarged and uncanceled on the record by the fraud and covin of the defendant, with the intention of defrauding the plaintiffs of their just debt. On demurrer the court resolved that the general averment of fraud and covin was sufficient, "because covin is so secret, whereof, by intendment, another man cannot have knowledge."

On the authority of this case and dicta of the judges in *Hill* v. *Montagu*, 2 *Mau. & Sel.* 377, Chitty considers such pleading to be lawful for the reason above indicated (1 *Chit. Pl.* 537), and gives forms of plea and replication in accordance therewith, even for the purpose of defeating specialties. So, in *Evans* v. *Edmonds*, 13 *C. B.* 777, the defendant pleaded that he had been induced to enter into and make the covenant sued on, through and by means of the fraud and covin of the plaintiff, and on this plea, after full consideration, he obtained a verdict and judgment.

The earlier cases in this state are to the same effect. Thus in *Mason* v. *Evans*, *Coxe* 182, this court distinctly upheld a plea that the bond sued on was obtained by fraud, without setting forth the nature of the fraud. So, in *Barrow* v. *Bispham*, 6 *Halst.* 110, in framing an issue, under direction of this court, to try whether a certain bond had been obtained by fraud, covin and misrepresentation, the pleadings set out no particulars of the deceit.

But when it became settled in this state by the cases of *Rogers* v. *Colt*, 1 *Zab.* 18, 704, and *Stryker* v. *Vanderbilt*, 1 *Dutcher* 482, that fraud in the consideration of a contract under seal formed no defence at law, then it logically followed, and was so adjudged in *Hudson* v. *Inhabitants of Winslow*, 6 *Vroom* 437, and *Connor* v. *Dundee Chemical Works*, 21 *Id.* 257, that a pleading which merely averred that a sealed instrument had been obtained by fraud, without specifying the nature of the fraud, was bad, the reason being that such a pleading left it uncertain whether the fraud was

in the execution of the instrument or only in the consideration, and, in the latter case, it would not defeat the specialty. As sealing and delivery only were needed to constitute a valid deed, a fraud which did not in legal theory vitiate those acts, left the deed unimpaired, and it was therefore legally, immaterial that fraud had tainted some other part of the transaction.

But with regard to parol contracts the case is different. In them not only is execution of the agreement necessary, but a consideration is likewise requisite for their validity, and, therefore, if either the consideration or the execution be annulled by fraud, the contract is defeated. Hence the reason which dictated for New Jersey a modification of the common law rule as to the mode of pleading fraud to defeat a specialty, is inapplicable to parol contracts, and as to them the common law rule must prevail, that fraud may be pleaded generally without setting forth the particulars.

A corresponding rule obtains with regard to a general demurrer upon a declaration for negligence. *Central Railroad Co.* ads. *Van Horn,* 9 *Vroom* 133; *Breese* v. *Trenton Horse Railroad Co.,* 23 *Id.* 250; *Race* v. *Easton and Amboy Railroad Co.,* 33 *Id.* 536. As such a demurrer confesses that the defendant's negligence was the cause of the plaintiff's injury, the particulars of the negligence become unimportant. Similarly unimportant are the particulars of the fraud, when the party who pleads a parol contract confesses that his fraud induced the contractor to make it.

The plaintiff is entitled to judgment on this demurrer.