MARY D. BROWN, ADMINISTRATRIX, PLAINTIFF IN ERROR, v. WILLIAM W. HOWELL, EXECUTOR, DEFENDANT IN ERROR.

Submitted July 8, 1902—Decided November 17, 1902.

1. When a landlord lawfully distrains for rent justly due, but in the subsequent proceedings acts irregularly or unlawfully, the tenant cannot maintain a suit for such irregular or unlawful act, unless he shows that he has thereby sustained special damage.
2. If in such a suit instituted in the Supreme Court the plaintiff does not recover above $200 dollars exclusive of costs, he is not entitled to costs; the twelfth section of the Distress act (*Gen. Stat., p.* 1207) being in that respect modified by the two hundred and sixty-eighth section of the Practice act. *Gen. Stat., p.* 2534.
3. In a suit brought by the administrator of the tenant, for an irregularity committed by the landlord in carrying out a lawful distress levied after the death of the tenant, the mere insolvency of the tenant's estate, when there has been no decree of insolvency rendered by the probate or equity court, is an unimportant fact.

On error to the Supreme Court.

For the plaintiff in error, *Edwin Robert Walker.*

For the defendant in error, *Bayard Stockton.*

The opinion of the court was delivered by

DIXON, J.    This is the action which was before the Supreme Court on demurrer in *Brown v. Howell,* 37 *Vroom* 25. After the decision there reported the defendant died and his executor was substituted, and the plaintiff amended her declaration so as to give her claim a twofold aspect—*first,* that, although the landlord's sale of the tenant's goods realized their full value, which did not exceed the rent due, yet, because notice of the appraisement, required to be made before sale, had not been given to the tenant, an irregularity had occurred which entitled the plaintiff to an action under the twelfth section of the Distress act (*Gen. Stat., p.* 1207); and

*second,* that, because the tenant's estate was insolvent at her death, the landlord must answer to the tenant's administratrix for the full value of the goods, to be administered in the manner provided by the statute for the settlement of insolvent estates. On this declaration and a plea of not guilty the cause was tried in the Mercer Circuit, before Mr. Justice Pitney, without a jury, who found the facts to be as alleged in the declaration and assessed the plaintiff's damages at six cents; whereupon the Supreme Court awarded judgment for her, but without costs.

The plaintiff now complains that, on the facts found, she was entitled to the value of the goods distrained, because of the insolvency, and even upon a recovery of six cents she was entitled, by said section 12, to "full costs," which she claims to be all the costs recoverable by any judgment in the Supreme Court.

The claim for the irregularity in the distress may be first considered.

The language of this twelfth section is that for such an irregularity, when the distress is levied for rent justly due, the tenant may recover full satisfaction for the special damage thereby sustained, and *no more.* The fair import of this is that, unless special damage be shown, the plaintiff is not entitled to recover anything. If without special damage even six cents be recovered, the prohibition of the statute against the recovery of more than satisfaction for the special damage is violated. In the present case no special damage appeared as the result of the lack of notice. It cannot be presumed that, if the notice had been given, the appraisement would have exceeded the full value of the goods or could have induced a sale for more than that value. The securing of a sale for full value is the aim of this statutory rule, and, as the end was shown to have been reached, no damage resulted from infraction of the rule. *Rodgers* v. *Parker,* 18 *C. B.* 112.

An award of six cents to the plaintiff on this claim was therefore not injurious to her.

The plaintiff's claim for costs on such a recovery rests wholly on the same section, which is copied from 11. *Geo. II.,*

*ch.* 19, §§ 19, 20, and first became part of our statutory law on March 16th, 1795. *Pat. L., p.* 172, § 12. But afterwards, on November 6th, 1797, the legislature passed "An act to prevent suits under a certain sum from being brought in the Supreme Court" (*Pat. L., p.* 258), which declared that, if in any suit in the Supreme Court (with certain exceptions not now pertinent) the plaintiff should not recover above $200 dollars exclusive of costs, he should not be entitled to costs. This provision still exists, and, of course, ·modifies section 12 of the Distress act.

The plaintiff's claim to recover because of the insolvency of her intestate's estate is based upon that section of the Orphans' Court act which directs that the estate, real and personal, of a deceased person, in case the same be insufficient to pay all his debts, shall be distributed among his creditors in proportion to the sums due to them, except that certain specified debts, among which rent is not mentioned, shall be first paid. *Gen. Stat., p.* 2356, § 81; ˙*Pamph. L.* 1898, *p.* 715, § 99.

This provision, originally passed by the legislature June 13th, 1799, is not an independent enactment, but is part of a legislative plan to be carried into effect only through the probate or equity courts. In this plan there are certain express injunctions respecting suits at law, which must be observed in the conduct of those suits (*Union National Bank* v. *Poulson,* 11 *Vroom* 284), and the courts of law will exercise their control over litigants to prevent interference with the plan, even when the restriction is to be implied only. *Taylor* v. *Volk,* 9 *Id.* 204. And when, in pursuance of the plan, executors or administrators have settled their estates, they may defend creditors' suits by the plea of *plene administravit* or *plene administravit praeter. Haines* v. *Price, Spenc.* 480; *Southard* v. *Potts,* 2 *Zab.* 278. But beyond this, courts of law do not attempt to give effect to the enactment in personal actions. Thus in *Von Arx* v. *Wemple,* 14 *Vroom* 154, where an application was made to stay execution against the estate of a deceased person on the ground of its insolvency, the Supreme Court denied the motion because the executor

had not commenced proceedings under the statute to have insolvency decreed. If insolvency, without proceedings for a decree thereof, would not be sufficient to prevent the collection of a debt, it would, *a fortiori,* be insufficient to require the return of a debt that had been collected.

What effect a decree of insolvency rendered by the probate or equity court would have upon the claim of the plaintiff against the defendant, is a question not now presented for decision.

The trial court rightly deemed the allegation of insolvency in the present case unimportant, either as a distinct ground of action or as augmenting the special damage sustained by the irregularity in the sale.

The judgment is not injurious to the plaintiff in error, and should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM. 13.

*For reversal*—None.